**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GONZALO RAMIREZ, PEDRO GARCIA and ) <br> JAYSON VARGAS ) <br> Defendants. ) <br> ) | **CRIMINAL ACTION** <br><br> No. 12-10089 |

**ORDER**

This case comes before the court on defendants' motions to exclude evidence (Docs. 647, 648, 651, 687) and defendant Gonzalo Ramirez's motions to exclude co-defendant statements and to produce additional discovery. (Docs. 690, 691). The motions have been fully briefed and are ripe for decision. (Docs. 727, 728, 730, 733, 765, 771). The court held a hearing on this matter on September 12, 2013.

**I.    Facts**

On April 16, 2012, the grand jury returned an indictment against 23 defendants. The indictment alleges 38 counts, including charges of violent crimes in aid of racketeering, conspiracy and felon in possession of a firearm. As of this date, 15 defendants have entered guilty pleas. Ramirez, Garcia and Vargas are set for trial on October 2. Adam Flores is set for trial on November 19. The remaining defendants are currently set for trial on December 3 although it is likely that the trial will be moved to January 2014.

Defendants are all charged in count 1 with conspiracy to commit racketeering activities in violation of 18 U.S.C. § 1962(d). The alleged RICO conspiracy occurred from 2008 through April 16, 2012.

The indictment alleges that defendants were engaged in a criminal organization, the Nortenos gang, whose members engaged in narcotics distribution and acts of violence including murder and robbery. These crimes were alleged to have been committed in Dodge City, Kansas.

Both Ramirez and Garcia are additionally charged in counts 2 through 9, which include VICAR conspiracies and VICAR substantive offenses. Ramirez is also charged in counts 10 through 13. Vargas is charged in counts 23, 24, 25 and 29.

**II. Analysis**

    **A. Motions to Exclude (Docs. 647, 648, 651, 687)**

The government has notified defendants that it intends to offer evidence of past criminal activity to establish the existence of an enterprise and as evidence of RICO predicate acts. Defendants object to the introduction of this evidence, citing Rules 401, 403 and 404(b). In United States v. Harris, 695 F.3d 1125 (10th Cir. 2012), the Tenth Circuit set forth the elements for a RICO conspiracy as follows:

> First: A conspiracy or agreement, as detailed in the indictment, existed between two or more persons to participate in the affairs of an enterprise that affected interstate commerce through a pattern of racketeering activity;
>
> Second: that defendant deliberately joined or became a member of the conspiracy or agreement with knowledge of its purpose[;] and[ ]
>
> Third: the defendant agreed that someone, not necessarily the defendant, would commit at least two of the racketeering acts detailed in the indictment.

695 F.3d at 1131.

To satisfy its burden, the government must prove a "pattern of racketeering activity." Id. A prosecutor "must show that the

racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." United States v. Knight, 659 F.3d 1285, 1289 (10th Cir. 2011). "[R]acketeering acts establish a threat of continued racketeering activity if they extend 'over a substantial period of time' or 'project[ ] into the future with a threat of repetition.'" Id. (citing H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 241-42 (1989)). Therefore, because the crime charged requires the establishment of a defendant's continuing pattern of criminal activity, other acts which are part of the pattern <u>must</u> be used to prove the existence of the pattern without invoking the restrictions of Rule 404(b).[1] See, e.g. United States v. Kaplan, 886 F.2d 536, 544 (2d Cir. 1989) (prior uncharged acts of racketeering admissible to prove continuity of racketeering activity in RICO case).

For those same reasons, the government may introduce evidence to establish an enterprise existed. Evidence that defendants were in the company of other Nortenos, were in altercations with rival gangs and admitted to being a member of the Nortenos is relevant[2] to establish that each defendant was involved in the enterprise.

**B. Tatoos**

Defendants also move to exclude the photographs of their tattoos

---

[1] The court has offered counsel the opportunity to submit authority regarding Rule 404(b)'s application in a RICO case. Although the court questions the validity of counsel's arguments made at the September 12 hearing, it nevertheless will consider any authority counsel wishes to present. However, because of the approaching trial, counsel is urged to submit the authority at the earliest possible date.

[2] Defendants may object to the admission of the statements admitting involvement with the Nortenos at trial on the basis that they were not voluntary.

-3-

on the basis that they violate their Fifth Amendment right against self-incrimination. The government seeks to introduce the photos as evidence of membership in the Nortenos. The court is not persuaded by defendants' position. The tattoos were "not compelled by the government." United States v. Greer, 631 F.3d 608, 613 (2d Cir. 2011). "The voluntary tattooing of an incriminating word" to a defendant's body plainly is "not the product of government compulsion." Id.

The court finds that the evidence is relevant and admissible for the purpose of establishing defendants' involvement in the Nortenos.[3]

### C. **Bruton**

Based upon the government's response, Bruton is inapplicable to the statements which will be offered against Ramirez. The motion to exclude Bruton evidence is denied, without prejudice. (Doc. 690).

### D. **Motion for Production**

In his reply, defendant Ramirez notes that all but a "few" production requests have been resolved. The court directs Ramirez to file a supplemental brief informing the court which discovery issues are outstanding. Based on the government's reply, however, the court is disinclined to order the government to produce any of the requested materials.

## III. Conclusion

Defendants' motions to exclude are denied. (Docs. 647, 648, 651, 687). Defendant Ramirez' motion to exclude statements is denied.

---

[3] The photographs which show defendants in prison attire and in handcuffs must be retaken. Should defendants refuse to comply, the current photographs will be admissible.

-4-

(Doc. 690).

IT IS SO ORDERED.

Dated this 16th day of September 2013, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE