IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,
               Plaintiff,

          vs.                         Case No. 12-10089-02-JTM

PEDRO GARCIA,
               Defendant.


MEMORANDUM AND ORDER


Defendant Pedro Garcia was convicted of multiple counts of gang-related criminal activity in a trial before another judge of this District. Garcia's conviction and sentence were affirmed by the Tenth Circuit (Dkt. 1083). Garcia has subsequently presented three motions to the court, and the matter has been transferred to the undersigned. In two of the motions, Garcia seeks either a lifting of the Court's earlier Protective Order, or appointment of counsel. (Dkt. 1090, 1093). He does not identify any specific issue he wishes to raise, other than to state that he wishes "to obtain his entire file … so [he] can begin the process of investigation and research" to present a motion under 28 U.S.C. § 2255. (Dkt. 1093, at 1).

The United States originally moved for the Protective Order (Doc. 324) under Federal Rule of Criminal Procedure 16(d)(1) for the Court to impose reasonable restrictions on the use and dissemination of discovery. One appropriate reason for such

restriction is if "there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed. R. Crim. P. 16(d). In addition, the discovery produced was voluminous, comprising some 30 discs containing electronic copies of discovery documents, and was broader than the information directly introduced at trial.

The court granted the motion primarily for the protection of cooperating witnesses. The court specifically prohibited defense counsel from providing physical copies of the discovery to their clients. (Dkt. 365).

As the jury determined by its verdict, Garcia was a member of a violent street gang responsible for numerous acts of violence, and the defendant as an individual was found guilty of homicide. Specifically, Garcia was convicted of Count 3, charging Murder – Violent Crimes in Aid of Racketeering, and sentenced to life in prison. He was also convicted of Counts 6 and 9, charging violations of 18 U.S.C. § 924(c), and sentenced to an additional term of 32 years, to run consecutive to his murder conviction.

The government opposes the motion to vacate the protective order, submitting that the risk to cooperating individuals is heightened when incarcerated persons receive "paper" indicating the identification of cooperating witnesses.

The court hereby denies the defendant's motion. Providing the defendant with physical copies of discovery in this case, contrary to the earlier determination of the court, would create potential danger to persons identified in the discovery. While Garcia remains in custody, a number of his convicted co-defendants have served their

2

sentences and been released. In addition, as observed in the government's original motion for protective order, there were "numerous" uncharged gang members and associates of Garcia in the Dodge City community. (Dkt. 324 at 4).

The court notes that the original Protective Order was entered with the specific requirement that the discovery should remain in the custody of counsel until "their client *has exhausted post-conviction remedies*." (Dkt. 365, at 3 (emphasis added)). This prohibition reflects a finding that the threat was of an ongoing and continuing nature. *See id.*, ("Within 90 days of the exhaustion of their client's post-conviction remedies, each defense counsel shall submit a letter to the United States Attorney's Office certifying they have destroyed or have otherwise properly disposed of this material or shall return the material to the United States.").

Moreover, Garcia has presented no specific rationale for departing from the earlier Order. Instead, Garcia merely states that he wishes to "research issues," without mentioning any particular grounds for attacking his conviction or sentence. (Dkt. 1090, at 2). The defendant has access to the entire record of the trial, including all pleadings and the evidence actually introduced at trial. The defendant has failed to demonstrate why access to the original discovery record would materially advance any particular post-conviction argument, or show why he is unlike other defendants in terms of access to the record or counsel.

The court further finds that appointment of counsel is unjustified. A defendant generally has no right to counsel in the presentation of a § 2255 motion, because the right to appointed counsel extends to the defendant's first appeal as of right, and no

further. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). In deciding whether to appoint counsel as a matter of discretion, a court will consider factors such as the merit of the petitioner's claims; the nature of any factual issues; the petitioner's ability to present his claims; and the complexity of the claims. *See Williams v. Meese*, 926 F .2d 994, 996 (10th Cir.1991). Appointment of counsel is not required where the issues raised are not unusually complex either legally or factually, and when the merits do not appear colorable. *See United States v. Dinneen*, 463 F.2d 1036, 1040 (10th Cir. 1972). Here, Garcia has failed to advance any specific arguments at all in support of an attack on his sentence and conviction. His request for vacating the Protective Order, though unjustified, is otherwise cogent and articulate, and the court finds no basis for finding that appointment of counsel is justified under 18 U.S.C. § 3006A.

In his third motion, Garcia asks that the court direct the court reporter to provide a copy of transcripts from the October 2, 2013, voir dire, and the Jury Instructions issues given on October 16, 2013. It is unclear whether Garcia is seeking simply the Instructions issued by the court, or whether the reference to "transcripts of … jury instructions" indicates a request for transcripts of any instruction conference conducted by the court. The United States has filed no response to this motion. The court will order that transcripts of the voir dire and any instruction conference be supplied to the defendant, as well as a copy of the Instructions issued by the court. (Dkt. 819).

IT IS ACCORDINGLY ORDERED this 18th day of August, 2016, that the Defendant's Motions for Order (Dkt. 1090, 1093) are hereby denied. Defendant's Motion for Transcripts (Dkt. 1092) is granted.

s/J. Thomas Marten
J. THOMAS MARTEN, Judge