IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                              Case No. 12-10089-02-JTM

PEDRO C. GARCIA,
        Defendant.

MEMORANDUM AND ORDER

Following a jury trial, defendant Pedro Garcia was convicted of participating in a racketeering conspiracy, and numerous crimes in support of the conspiracy, including first degree murder, attempted murder, conspiracy to commit murder, and assault with a dangerous weapon. The court sentenced Garcia to life imprisonment for the murder convictions, with an added mandatory consecutive term of 32 years to life for two firearms convictions pursuant to 18 U.S.C. § 924(c). Defendant's conviction and sentence were affirmed on appeal.

Garcia now seeks relief under 28 U.S.C. § 2255, arguing that the government committed misconduct, that his sentence was illegal under *Johnson v. United States*, the statutes of conviction were unconstitutional, that he was denied access to the courts, and

that his counsel was ineffective. The court has reviewed the record of the proceedings and briefs of the parties, and finds that defendant's motion for relief should be denied.

The defendant's arguments of prosecutorial misconduct, charging the government failed to disclose promises to its witnesses and relied on false evidence substantially replicate claims that were advanced to, and rejected by the Tenth Circuit in the direct appeal. *United States v. Garcia*, 793 F.3d 1194, 1205-09 (10th Cir. 2015). This conclusion forecloses consideration of the same arguments by collateral attack. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). This is equally true for Garcia's as-applied constitutional argument relating to the VICAR statute, which the Tenth Circuit considered and rejected. *Id.* at 1211.

Defendant's arguments claiming he was deprived of access to the courts have also previously been addressed. Garcia has previously sought discovery, requested transcripts, and applied for appointment of counsel. (Dkt. Nos. 1090, 1092, 1093). This court granted defendant access to transcripts and denied other relief. *See United States v. Garcia*, 2016 WL 4398972 *2 (D. Kan. Aug. 18, 2016). If defendant wished to challenge the denial, the proper vehicle was a timely motion for reconsideration rather than a collateral proceeding. Further, the defendant has failed to make any credible showing of actual injury of a hampering of his ability to present non-frivolous legal claims. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).

The defendant does present some claims which have not been previously advanced: an alleged defect in Count 9 charging a violation of 18 U.S.C. § 924(c), additional arguments

relating to the RICO and VICAR statutes, and instructional error. However, the court finds that each of these claims is subject to procedural default because they should have been presented either at trial or on direct appeal. *See United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002).

With respect to Count 9, which defendant argues was defective because the underlying crime was allegedly a state rather than a federal crime, the claim is procedurally defaulted because defendant has failed to show any good rationale for failing to raise the argument at the time of trial. Moreover, the argument is without merit. Count 9 charges the federal crimes of interference with commerce by threats of violence (18 U.S.C. § 1951), as well as robbery and violent crimes in aid of racketeering (18 U.S.C. § 1959). Section 1959 specifically prohibits such violent racketeering activity "in violation of the laws of any State or the United States." Count 9 properly charged the defendant.

Defendant now argues that RICO and VICAR are unconstitutionally vague on their face, and that RICO is unconstitutional as applied in his case. The defendant presents no valid reason for failing to present such claims in conjunction with his as-applied challenge on direct appeal, and the claims are therefore procedurally barred. Even if they were not, the facial validity claim lacks merit. Challenges to the facial validity of statutes are considered only for laws affecting First Amendment rights, s*ee Village of Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 494-95 (1982), which RICO and VICAR do not. Similarly, the defendant's argument that the RICO statute was unconstitutional as applied to him because he was engaged in personal drug activity lacks any underlying merit, even

if it were not defaulted. The Tenth Circuit rejected this exact argument in the direct appeal, advanced with respect to the VICAR charges and the RICO jury instruction, stressing evidence that some of the conspiracy's activities involved exchanging drugs and money with confederates in California, and further concluding that the enterprise was commercial in nature. *See Garcia*, 793 F.3d 1209-11. Such conclusions are fatal to defendant's present RICO argument. The indictment charged violations of federal law, and the court accordingly had jurisdiction to address the charges against the defendant. *See United States v. Bjorkman*, 270 F.3d 482, 490-91 (7th Cir. 2000).

Citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), the defendant argues that the jury was erroneously instructed that murder is a crime of violence. The argument is procedurally defaulted, as defendant has failed to present any good cause for failing to present the claim in his direct appeal. Even if it were not defaulted, the argument lacks merit. *Johnson* addressed the definition of a crime of violence as set forth in 18 U.S.C. § 924(e)(2)(B)(ii), it did not address how the crime of murder is defined in jury instructions. K.S.A. § 5402(a)(1) defines murder in the first degree as a killing of a human being intentionally and with premeditation. Here, the jury returned a special verdict finding Garcia had committed first degree murder. Defendant has failed to show how the crime charged in the indictment is not a crime of violence.

Finally, the defendant presents a list of supposed errors by trial counsel to support his claim that his counsel was constitutionally ineffective. Such claims require proof that counsel acted beneath an objective standard of reasonableness under prevailing

4

professional norms, and that this resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984). The court finds that the defendant in the present action has failed to meet his burden to show that his trial counsel performed deficiently. *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (defendant bears burden of proof in habeas corpus proceeding).

First, the court finds that the defendant has not met his burden to demonstrate the existence of actual or likely prejudice from any of the alleged deficiencies. Prejudice exists only where there is the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," meaning a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Defendant has omitted any demonstration of probable prejudice, and his claims of ineffective assistance are accordingly denied.

In addition, the court finds defendant has failed to show that counsel's performance fell below any objective norm of conduct. Defendant complains that counsel was deficient in (1) failing to investigate the caliber of a fragmented bullet recovered from the body of the murder victim, (2) failing to call two rebuttal witnesses (Angelica Flores and Eusebio Sierra), (3) failing to object to the testimony of a witness (Fabian Neave) as to comments by Garcia while in pretrial custody, (4) failing to object to references to Garcia's previous or contemporary imprisonment, (5) failing to raise a *Napue* argument, and (6) failing to challenge the sufficiency of the evidence relating to the racketeering charges. Having reviewed the record, the court finds that trial counsel was not deficient, but in fact

5

presented a zealous, professional, and energetic defense of his client. The specific challenges now raised as to that representation are either incorrect (as counsel did in fact raise such issues), or reflect valid tactical decisions which are committed to the sound discretion of trial counsel. *See United States v. Miller*, 643 F.2d 713, 714 (10th Cir. 1981).

First, Garcia contends that counsel should have investigated to discover whether the fragmented projectile recovered from victim's body was in fact a 9 millimeter projectile. He stresses that the murder weapon was not introduced into evidence, and the trial testimony only established that it was likely that a 9 millimeter firearm was used in the murder. But the defendant fails to show that an actual investigation would indeed have shown the bullet was of a different caliber, and thus cannot show that it would have caused a different result. See *United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989) (failure-to-investigate collateral claim "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial"). Moreover, the decision must also be viewed in the context of the remainder of the evidence at the trial (both the testimony of co-defendants and Garcia's admissions to other witnesses), which strongly supported the conclusion that Garcia murdered the victim.

Counsel was not deficient in failing to call either Angelica Flores (defendant's girlfriend) or Eusebio Sierra. Whether to call a particular witness is a tactical decision and thus is generally committed to the discretion for trial counsel. *See United States v. Miller*, 643 F.2d 713, 714 (10th Cir. 1981). The defendant fails to supply any exact statement of what either witness would have testified, but the decision not to call these witnesses was a

6

legitimate tactical decision. Calling Flores would have been a dangerous choice, as she might have simply pled the Fifth Amendment and refused to testify. Or she could have further incriminated the defendant, by describing admissions made by him. Moreover, even if she did testify and deny Neave's testimony that defendant told him he had given the murder weapon to Flores for disposal, there remained substantial evidence that the gang had access to 9 millimeter weapons in general, and that the defendant had otherwise acknowledged shooting the victim. Calling Flores thus offered substantial dangers for little reward.

Similarly, defendant argues Eusebio Sierra would have denied Neave's description of the importation of drugs from California. Again, however, there was substantial evidence showing that the defendants' criminal enterprise relied on interstate trafficking in drugs and firearms. And calling Sierra could again pose a risk to the defendant. Other testimony indicated that Sierra was himself a gang member trafficking in methamphetamine, who sent the proceeds to California. As with Flores, calling Sierra might have been counterproductive, if he refused to testify or indeed made incriminating statements as to the defendant.

Counsel had no basis for objecting to the testimony of Neave, whose testimony as to Garcia's statements while in pretrial custody was admissible pursuant to Fed.R.Evid. 801(d)(2)(A). Moreover, as Neave was a co-defendant represented by counsel and not a government agent, counsel would have had no valid basis for objecting to his testimony pursuant to *Massiah v. United States*, 377 U.S. 201 (1964), and *United States v. Henry*, 447 U.S.

7

264 (1980).

At times during the trial, references were made to the fact that Garcia was in custody. (Dkt. 995, at 1380, 1391, Dkt. 996 at 1424; Dkt. 997 at 1563-64, 1639). However, in each instance, the limited reference to the fact of custody was necessary to place the witness's testimony in context. such as where certain conversations or communications occurred. Accordingly, counsel was not deficient in failing to object to testimony which was properly admitted.

Defendant argues that counsel should have argued that the government relied on false evidence at trial, in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). But counsel cited *Napue* in his Motion for New Trial (Dkt. 934, at 12), and separately joined (Dkt. 1013) the motion by co-defendant Gonzalo Ramirez (Dkt. 1005, at 35-39) which also raised *Napue* issues. The argument was also presented and rejected on appeal. Counsel was not deficient.

Finally, defendant argues that counsel was deficient in failing to attack the sufficiency of the evidence to support the VICAR and RICO convictions. In fact, counsel did argue the VICAR and RICO charges were not supported by sufficient evidence (Dkt. 998, at 1665-69), and presented his own expert witness in an effort to argue there was no interstate nexus to support the charges. (Dkt. 998, at 1671-1721).

Also before the court is defendant's Motion for Appointment of Counsel and Other Omnibus Miscellaneous Relief (Dkt. 1202). To the extent Garcia seeks appointment of counsel, the request is denied for reasons stated in previous orders of the court. Defendant also asks for an order to Bureau of Prisons wardens to expedite his mail. However, there

is no indication that existing mail procedures prevent the effective presentation of his arguments. Finally, the court denies the conclusory request for "leave to adopt any and all arguments" raised separately by co-defendant Gonzalo Ramirez which might be "applicable to Garcia" to the extent that " are not inconsistent with any position Garcia has himself raised." (*Id*. at 3).

As indicated earlier, the burden is on the defendant to demonstrate his entitlement to collateral relief, and he must meet this burden by making specific allegations of error. The court "will not sift through [defendant's] brief in an attempt to construct legal arguments or theories for [him]." *United States v. Quarterman*, 2000 WL 1862684, at *2 n. 3 (10th Cir. 2000) (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997)). Instead,"allegations must be specific and particularized, not general or conclusory." *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled on other gds., Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (*en banc*).

Garcia's trial counsel was effective under *Strickland*, and Garcia has failed to show how any tactical decision, even if it were deficient, caused him prejudice. Having failed to meet his burden of demonstrating any entitlement to collateral relief, the court finds that defendant's Motion to Vacate should be denied.

9

IT IS ACCORDINGLY ORDERED this 13th day of November, 2017, that the defendant's Motions to Vacate (Dkt. 1157) and Additional Relief (Dkt. 1202) are hereby denied.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE