IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                Case No. 12-10089-02-JTM

PEDRO C. GARCIA,
        Defendant.

MEMORANDUM AND ORDER

This matter is before the court following a limited remand by the Tenth Circuit for consideration of two issues. First, the court addresses the extent of the certificate of appealability as to the issues presented by petitioner-defendant's appeal of the court's Order of November 13, 2017. Second, the court considers whether Garcia's Motion to Alter and Amend filed with the court on December 21, 2017 is timely.

A certificate of appealability may issue if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). A certificate is appropriate if "jurists of reason could disagree with the district court's

resolution of his constitutional claims or ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

In its prior order, the court rejected the petitioner's contentions (1) that the government committed misconduct, (2) that his sentence was illegal under *Johnson v. United States*, 135 S.Ct. 2551 (2015), (3) that the statutes of conviction were unconstitutional, (4) that he was denied access to the courts, and (5) that his counsel was ineffective. (Dkt. 1270). The court's order of December 19, 2017 referenced the controlling law regarding certificates of appealability and concluded that "defendat has met this standard," but did not specify the issue for which the certificate was granted. (Dkt. 1280).

The court has reviewed the history of the action and defendant's arguments, and hereby clarifies that a certificate of appealability is warranted as to the defendant's contention that the court's murder instruction was erroneous under *Johnson*. While *Johnson* addressed the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), the defendant may present a debatable claim as to whether murder as charged in the case represents a crime of violence. Given the difficulty courts have experienced in defining the concept of violence, the court finds that reasonable jurists might consider the issue as debatable. No certificate of appealability is issued as to Garcia's remaining issues, which were the subject of manifest procedural default and an underlying lack of merit, or, in the case of the claim of ineffective assistance of counsel, reflect an attempt to reargue tactical decisions by trial counsel which present no substantial basis for concluding defendant's constitutional rights were impaired.

Next, the court determines that the Motion to Alter or Amend (Dkt. 1283) was not timely filed under Fed.R.Civ.P. 59(e) and Fed.R.App.P. 4(a)(4)(A)(iv). The deadline for filing a Rule 59(e) motion is 28 days after entry of the judgment. Fed.R.Civ.P. 59(e). Garcia's motion was filed 38 days after the court denied the Motion to Vacate. (Dkt. 1270).

As a prisoner, Garcia is given the protection of the "prisoner mailbox rule," which deems the filing date of a motion as the date that he gave his document to prison authorities for filing. *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005). A prisoner seeking the protection of the rule "must set forth the date of deposit and state that first-class postage has been paid." *United States v. Jack*, 630 F. App'x 858, 861 (10th Cir. 2015) (quoting Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts). The rule requires that the petitioner "attest that ... a timely filing was made." *Price*, 420 F.3d at 1165 (citing *United States v. Ceballos–Martinez*, 387 F.3d 1140, 1143 (10th Cir.), *cert. denied*, 543 U.S. 1005 (2004)) (emphasis added). *See also United States v. Jack*, 667 F. App'x 689 (Mem.), 2016 WL 3548360 (10th Cir. June 28, 2016) (prisoner's statement must indicate prepaid postage and "set[] forth the date of deposit"). The attestation must be made by "a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement." Section 2255 Proceedings, Rule 3.

Here, defendant represents that the Motion was submitted "postage-prepaid," but there is no certification of use any institutional mail system with a tracking system which might confirm the date of mailing, nor is there any certification of the time of the "date of the deposit" with the prison authorities. With respect to the prison mailbox rule, the

3

petitioner prisoner "has the burden of proof on this issue." *Price*, 420 F.3d at 1165. A prisoner's "bald assertion that he gave his original Rule 59(e) motion to prison authorities within the filing period does not meet the stringent requirements of *Ceballos-Martinez* and *Price*." *Brown v. McKune*, 162 F. App'x 795, 797 (10th Cir. 2006). Here, Garcia fails to make any representation by attestation or notarized statement as to the date of mailing, and the court concludes the motion (Dkt. 1283) is untimely and hereby denied.  Defendant's Motion to Stay (Dkt. 1284) pending resolution of (Dkt. 1283) is denied as moot.

    IT IS SO ORDERED this 2nd day of February, 2018.

                                                     s/ J. Thomas Marten
                                                  J. THOMAS MARTEN, JUDGE