IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                      No. 12-10089-02-JTM

PEDRO GARCIA,
    Defendant.

MEMORANDUM AND ORDER

The recent order of the Tenth Circuit has denied most of the arguments advanced in his appeal by defendant Pedro Garcia. However, the Tenth Circuit did reverse this court's denial of § 2255 relief on Garcia's contention that Count 9 did not charge a "crime of violence." The court did not independently resolve the issue, but remanded the matter to this court

> for full development and consideration of the issue, including, if necessary, additional briefing from the parties on how (if at all) the recent developments in the law bear on the issue. Those recent developments include, without limitation, the Supreme Court's decisions in [*United States v.*] *Davis* [139 S.Ct. 2319, 2336 (2019)] and *Stokeling v. United States*, 139 S. Ct. 544 (2019), and a number of our decisions, including, but not limited to, [United States v.] *Bowen* [936 F.3d 1091, 1098 (10th Cir. 2019)], *United States v. Driscoll*, 892 F.3d 1127, 1135 (10th Cir. 2018) (explaining that at the merits stage of a first § 2255 motion, a movant "must prove that the sentencing court, more likely than not, relied on the residual clause"), and *United States v. Bong*, 913 F.3d 1252, 1259-60 (10th Cir. 2019) (holding that "Kansas convictions for robbery and aggravated robbery do not constitute 'violent felonies' for purposes of the ACCA").

Dkt. 1378, at 14-15.

The court hereby vacates that part of its prior Order (Dkt. 1270) denying Garcia relief on his argument that Count 9 failed to identify a crime of violence.

The parties are hereby directed to submit any additional briefing on the validity of the Count 9 conviction, in light of the cited cases, on or before July 10, 2020.

IT IS SO ORDERED this day of June, 2020.

*J. Thomas Marten*
J. Thomas Marten, Judge