IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                  Case No.  12-cr-10089-2-JWB

PEDRO GARCIA,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and motion to appoint counsel. (Docs. 1495, 1496.) The motions are fully briefed and ripe for decision.[1] (Docs. 1495, 1496, 1497.) The motions are denied for the reasons stated herein.

**I.  Facts**

On October 17, 2013, Defendant was convicted by a jury sitting in Wichita, Kansas, of seven counts of conspiring with other gang members to commit racketeering activities and murder. (Docs. 826.)  Defendant was also convicted of two additional counts of using a firearm in furtherance of a crime of violence. (Docs. 826, 892.) On January 6, 2014, Judge Belot sentenced Defendant to life imprisonment plus 32 years. (Doc. 892 at 3.) The United States Court of Appeals for the Tenth Circuit affirmed Defendant's convictions and resulting sentence. *United States v. Garcia*, 793 F.3d 1194 (10th Cir. 2015).  The United States Supreme Court denied review. *Garcia v. United States*, 577 U.S. 1088 (2016).

Defendant later filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

---

[1] Defendant did not file a reply and the time for doing so has now passed.

(Doc. 1157). The court denied the motion. (Doc. 1270.) On appeal, the Tenth Circuit affirmed in part and reversed in part, remanding back to the district court on the issue of whether Count 9 should be vacated in the wake of the recently decided *Johnson v. United States*, 576 U.S. 591 (2015). *United States v. Garcia*, 811 F. App'x 472, 482 (2020). Upon remand, Judge Marten vacated Defendant's conviction on Count 9 (Doc. 1400) and entered an Amended Judgment which set a new sentence of life plus 10 years. (Doc. 1403.)

On June 5, 2025, Defendant filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on Amendment 814 to U.S.S.G. § 1B1.13 and Amendment 829 to U.S.S.G. § 5H1.1. Defendant contends that he was a youthful offender at the time he was originally sentenced, he has taken classes to improve and rehabilitate himself while in prison, and his sentence is unusually long because under the current sentencing scheme he would not receive the same sentence. (Doc 1495-2.) Along with his motion for sentence reduction, Defendant also filed a motion for the court to appoint an attorney to aid him. (Doc. 1496.)[2] The Government opposes the motion. (Doc. 1497.)

**II.    Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Defendant moves for a sentence reduction under § 3582(c)(1)(A). Under that statute, a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id*. Prior to 2018, that section only authorized the Director of the Bureau of

---

[2] The motion to appoint an attorney was initially filed as an attachment to the motion for sentence reduction. (*See* Doc. 1495-6.) However, the court created a separate motion and docket entry to ensure this request was properly presented on the record.

Prisons to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Exhaustion is mandatory. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g.*, *United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

**III.    Analysis**

To consider a motion for a sentence reduction, Defendant must first exhaust his administrative remedies at the BOP. *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020). Defendant provided a copy of a letter from the warden denying his motion for compassionate release (Doc. 1495-2 at 2), and the Government concedes that this satisfies the

3

exhaustion requirement. (Doc. 1497 at 6–7.) Thus, the court will address the merits of this motion since Defendant has adequately exhausted his BOP remedies.

Defendant first argues that he should be considered a youthful offender under Amendment 829, which amended the policy statement regarding a court's consideration of age from U.S.S.G. § 5H1.1. Thus, a downward departure in his sentence would be warranted since he was under 25 years old at the time the crimes for which he was convicted were committed. (Doc. 1495-2 at 7, 9.) It is important to note that Amendment 829 was implemented November 1, 2024, and has not been made retroactive under U.S.S.G. § 1B1.10(d). This means that Amendment 829 "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c).

Even if the court could consider Defendant's relative youth at the time of his conviction, the record shows that he was an adult at the time he committed murder. (Doc. 871.) Moreover, in reviewing the Defendant's PSR, Defendant had a long history of juvenile and adult criminal activity ranging from burglary to drug crimes over nearly a decade before his present conviction and detention. (*Id*. at 21–25.) This consistent pattern of criminal behavior was unbroken despite several other stints in government custody and shows a willful resistance to reformation. "The Court does not discount the impact that [a defendant's] youth and substance abuse may have had on his decision to commit the murder for which he was convicted. But his youth is not extraordinary or compelling." *United States v. Jack*, No. 09-CR-2626-WJ, 2025 WL 457952, at *2 (D.N.M. Feb. 11, 2025). See also *United States v. Peeler*, No. 3:99-CR-00067-MPS-2, 2024 WL 1636710, at *5 (D. Conn. Apr. 16, 2024) (denying compassionate release and noting "the federal prisons are . . . full of inmates who . . . committed terrible crimes in their early twenties"). Defendant's calculated actions of not only seeking out rival gang members to kill them but also

4

bragging about killing one of them afterwards shows the deliberate nature of his actions and Defendant's obvious culpability regardless of his alleged youthfulness. Thus, Defendant has not shown an extraordinary and compelling reason for compassionate release based on his youth under Amendment 829.

Second, Defendant contends that his sentence is disproportionate because "the current average sentence for homicide is 291 months" and because if he "was sentenced today he would not be sentenced the same way." (Doc. 1495-2 at 7, 11.) Although Defendant has served more than 10 years of his sentence and satisfies the first requirement for an extraordinary and compelling reason under U.S.S.G. § 1B1.13(b)(6), he does not show a change in the law that would produce a gross sentencing disparity. Defendant has not shown any change in the law or the sentencing guidelines which indicate that his sentence would be any different if he were to be sentenced today. *United States v. Fillman*, No. 06-10218-JWB, 2025 WL 1918570, at *3 (D. Kan. July 11, 2025). Although Defendant argues that the average sentence for homicide is 291 months, Defendant's convictions in this matter were not merely for homicide. As noted above, Defendant was convicted of seven counts of conspiring with other gang members to commit racketeering activities and murder and two additional counts of using a firearm in a crime of violence, all of which increase his sentence beyond mere homicide. The Government does concede that Defendant would not be considered a career offender under the current sentencing scheme. (Doc. 1497 at 12–13.) However, this change would not alter the calculation of an offense level of 43 for Count Three, and as a result, a life sentence is still appropriate. Thus, Defendant has failed to establish that he is sentenced to an unusually long sentence which merits a reduction under extraordinary and compelling circumstances.

Third, Defendant contends that he has taken steps to rehabilitate himself while

incarcerated, including focusing on his education and "complet[ing] several programs and courses" to aid in his re-entry to society. (Doc. 1495-2 at 7, 10.) While these behaviors are commendable and work in his favor for purposes of this analysis, they do not independently create an extraordinary or compelling reason for release. U.S.S.G. § 1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason.").

Since Defendant has failed to demonstrate any extraordinary or compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), his motion for sentence reduction must be denied. *McGee*, 992 F.3d at 1043. Although the court need not address the section 3553(a) sentencing factors given this decision, the court would further find that the sentencing factors do not weigh in favor of a sentence reduction for the reasons set forth by the sentencing court at sentencing and for the reasons set forth by the government. This renders his corollary motion to appoint an attorney as moot, and so it also is also denied.

## IV. Conclusion

Therefore, given that that Defendant has not shown an extraordinary and compelling reason for a reduction in his sentence, Defendant's motion for a sentence reduction (Doc. 1495) is DENIED. Given that the court denied his motion on the merits, Defendant's motion for appointment of counsel (Doc. 1496) is DENIED AS MOOT.

IT IS SO ORDERED. Dated this 11th day of September 2025.

                              ___s/ John Broomes_____
                              JOHN W. BROOMES
                              CHIEF UNITED STATES DISTRICT JUDGE